1  Dennis K. Ames, Esq., State Bar No. 81460
        Email: dames@ljdfa.com
2  Marissa A. Warren, Esq., State Bar No. 249583
        Email: mwarren@ljdfa.com
3  Denise Thompson, Esq., State Bar No. 240980
        Email: dthompson@ljdfa.com
4  **LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES**
   2677 North Main Street, Suite 901
5  Santa Ana, California 92705-6632
   Telephone (714) 558-7008 • Facsimile (714) 972-0379
6
7  Attorneys for Defendant,
   GARFIELD BEACH CVS, L.L.C., erroneously sued
   and served as CVS PHARMACY, INC.
8

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| MESHA HARPER,                                    | CASE NO.:                                                                                                       |
|--------------------------------------------------|-----------------------------------------------------------------------------------------------------------------|
|         Plaintiff,                               | [Removal from Superior Court of California, Los Angeles, Case No.: 20STCV32873]                                 |
|     vs.                                          | **NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. SECTIONS 1332, 1441 AND 1446**                                        |
| CVS PHARMACY, INC.; PROTOS SECURITY, L.L.C.; DOES 1 TO 10, Inclusive, | *[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; Declarations of Marissa A. Warren and Melanie K. Luker; and Exhibits]* |
|         Defendants.                              | ACTION FILED:  August 28, 2020                                                                                  |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT OF THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION:

PLEASE TAKE NOTICE that Defendant, GARFIELD BEACH CVS, L.L.C., erroneously sued and served as CVS PHARMACY, INC. (herein after "Defendant"), hereby removes the state court action described below to this the United States District Court for the Central District, Western Division of California pursuant to 28 U.S.C. §§ 1332(a), 1441(a)-(b), and 1446.

Defendant provides the following "short and plain statement of the grounds for

removal" pursuant to 28 U.S.C. § 1446(a).

## I. THE STATE COURT ACTION.

1. On August 28, 2020, Plaintiff, Mesha Harper, filed a Complaint entitled *Mesha Harper v. CVS Pharmacy, Inc.; Protos Security, L.L.C.; DOES 1 TO 10, Inclusive*, Case No. 20STCV32873 in the Superior Court of the State of California, County of Los Angeles. A true and correct copy of the Summons and Complaint is attached as Exhibit A to this Notice. The allegations of the Complaint are incorporated herein by reference without necessarily admitting the truth of any of them.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

2. On October 13, 2020, Plaintiff served the Summons and Complaint on Defendant, GARFIELD BEACH CVS, L.L.C., erroneously sued and served as CVS PHARMACY, INC. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other papers, including the Summons and Complaint and the copy of legal process received by statutory agent, served on Defendant are attached hereto as Exhibit B. Based on the allegations in the Complaint, discussed below, the corporate entity for the CVS store at issue in Plaintiff's Complaint located in Los Angeles, California, is Garfield Beach CVS, LLC, whose sole member is CVS Pharmacy, Inc., a Rhode Island Corporation. See Declarations of Marissa A. Warren, Melanie K. Luker and Exhibit D.

3. Removal is timely. Defendant has removed this action within 30 days after receipt of a copy of the Complaint, pursuant to 28 U.S.C. § 1446(b).

4. Venue is proper. Plaintiff filed the state court action in the Superior Court of the State of California, County of Los Angeles. Venue therefore properly lies in the United States District Court for the Central District, Western Division of California, pursuant to 28 U.S.C. §§ 84(c)(3) and 1441(a).

4. As Garfield Beach CVS, L.L.C. is a limited liability corporation whose sole member is CVS Pharmacy, Inc., and Garfield Beach CVS, L.L.C. is also an out-of-state Defendant, removal is proper.

5.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court of the State of California, County of Los Angeles.

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(a) AND 1441(a)-(b).

6.  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(a) and 1441(a)-(b) because the action is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. The Parties Are Diverse.

7.  Diversity between the Plaintiff and the properly named and joined Defendant existed at the time the Complaint was filed and continues to exist as of this removal.

8.  Plaintiff, Mesha Harper, alleges in her complaint as Exhibit A that on or before the June 2, 2019, the CVS Pharmacy in Los Angeles, California she was chased around CVS Store #1043 located at 6201 Hollywood Blvd., #126, Los Angeles, CA, 90028, by a transient person who was naked. *Cmplt*, Ex. A. Based on this information, Defendant, Garfield Beach CVS, L.L.C., believes that at the time Plaintiff filed her Complaint, Plaintiff was and remains a citizen of California.

9.  Defendant, Garfield Beach CVS, L.L.C. erroneously sued and served as CVS Pharmacy, Inc., in this action is now, and was at the time Plaintiff filed her Complaint, a citizen of a state other than California within the meaning of 28 U.S.C. § 1332(c)(1).

10. CVS Pharmacy, Inc., is now, and was at the time Plaintiff filed her Complaint, a corporation organized under the laws of the State of Rhode Island, with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island. See Luker Decl. ¶ 2, Warren Decl. ¶ 4 and Exhibit C. Thus, at all times relevant hereto, CVS Pharmacy, Inc., has been a citizen of Rhode Island, and not a citizen of California.

11. Garfield Beach CVS, LLC is now and was at the time Plaintiff filed her

Complaint, a limited liability company organized under the laws of the State of California. See Luker Decl. ¶ 3 and Ex. D. Under 28 U.S.C. § 1332(a). However, a limited liability company is a citizen of the same state or states as its owners/members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). In this case, Garfield Beach CVS, LLC, has a sole member – CVS Pharmacy, Inc. outlined above, CVS Pharmacy, Inc. is a citizen of the State of Rhode Island. Therefore, Garfield Beach CVS, LLC, is also a citizen of the State of Rhode Island, and not a citizen of the State of California, per 28 U.S.C. § 1329(a).

12.   In determining whether a civil action is properly removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), courts disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b)(1). The citizenship of "Does 1-10" and "Does 1-20" named in the Complaint is therefore immaterial with respect to removal.

13.   Defendant, "Protos Security, LLC" has not yet appeared in this action. However, based upon information and belief, the proper entity name for "Protos Security, LLC" is Single Source Security, L.L.C., d.b.a. Protos Security. Single Source Security, L.L.C. (formally Single Source Security, Inc.) is a limited liability company formed in the state of Virginia with a principal place principal place of business, headquarters, and center of direction, control, and coordination in Daleville, Virginia. (Warren Dec. ¶ 6 and Ex. E.) Therefore, Single Source Security, L.L.C., d.b.a. Protos Security is a citizen of the State of Virginia and not a citizen of the State of California, per 28 U.S.C. § 1329(a).

14.   Because Plaintiff is and was at the time she filed the Complaint, a citizen of California; because CVS Pharmacy, Inc. and Garfield Beach CVS, LLC, are, and were at the time Plaintiff filed the Complaint, citizens of Rhode Island, and because Single Source Security, L.L.C., d.b.a. Protos Security is a citizen of Virginia; diversity of citizenship exists between the parties, and it existed at the time the Complaint was filed.

**B.   The Amount In Controversy Exceeds $75,000.**

15.   Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper on the basis of an

amount in controversy if a court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.

16. A removing Defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. See *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

17. To ascertain the amount in controversy, a district court takes into account claims for general damages, pain and suffering, out-of-pocket loss, emotional distress, punitive damages and attorney's fees. *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 449-50 (S.D. Cal. 1995). In addition, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations omitted).

18. Plaintiff alleges that Defendant was negligent related to an incident in which a naked transient man chased her around a CVS store and ultimately "talked" Plaintiff "to the ground" resulting in personal injuries and other damages. Plaintiff's Complaint states that she has suffered "wage loss, loss of use of property, hospital and medical expenses, general damages and property damage." Cmplt, Ex. A.

19. It is thus facially apparent from the Complaint that Plaintiff's claims exceed $75,000. See *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy found to exceed the jurisdictional threshold because complaint alleged "damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization."); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (noting that the Ninth Circuit has "endorsed the Fifth Circuit's

practice of considering facts presented in the removal petition as well as summary-judgment-type evidence relevant to the amount in controversy at the time of removal."). As in *Luckett*, because Plaintiff has alleged non-economic and economic damages relative to her injuries, this Court can and should use its "judicial experience and common sense" in determining that it is facially apparent from the Complaint that Plaintiff's claims exceed $75,000. *Roe v. Michelin North America, Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) ("A district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'").

20. By removing this action to this Court, Defendant does not waive any defenses, objections, or motions available to them under state or federal law. Defendant expressly reserves the right to move for dismissal of some or all of Plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendant, GARFIELD BEACH CVS, L.L.C., respectfully requests that the action pending in the Superior Court for the State of California, County of Los Angeles, be removed in its entirety to this Court.

Dated: November 10, 2020      LA FOLLETTE, JOHNSON, DeHAAS, FESLER & AMES

*/s/ Marissa A. Warren*
DENNIS K. AMES, ESQ.
MARISSA A. WARREN, ESQ.
DENISE THOMPSON, ESQ.
Attorneys for Defendant,
GARFIELD BEACH CVS, L.L.C., erroneously sued and served as CVS PHARMACY, INC.